GASTON & GASTON
A PROFESSIONAL LAW CORPORATION
Matthew J. Faust, State Bar No. 254145
         *mjf@gastonandgaston.com*
Melissa N. Engle, State Bar No. 272741
         *mne@gastonandgaston.com*
Frederick W. Gaston, State Bar No. 231179
         *fwg@gastonandgaston.com*
1010 Second Avenue, 24th Floor
San Diego, California 92101
Telephone:      (619) 398-1882
Facsimile:      (619) 398-1887

Attorneys for Plaintiff
TRITON ENGINEERING

JAMES J. YUKEVICH (SBN 159896)
         *JYukevich@yukelaw.com*
STEVEN S. VAHIDI (SBN 283951)
         *SVahidi@yukelaw.com*
YUKEVICH CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, CA 90071-1560
Telephone:      (213) 362-7777
Facsimile:      (213) 362-7788

Attorneys for Defendants
CRANE CO and ELDEC
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRITON ENGINEERING, | Case No. SACV 12-01617 CJC (JEMx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| CRANE CO.; ELDEC CORPORATION, dba CRANE AEROSPACE & ELECTRONICS and DOES 1 through 10, | |
| Defendants. | |

1139580.2 / 102-007                                    - 1 -

Pursuant to Federal Rule of Civil Procedure 26(c), and in consideration of the mutual covenants contained herein, the undersigned counsel for the parties hereby stipulate as follows, and it is hereby ordered:

1. In connection with this Action, any party may designate any documents, electronically stored information, materials, things, discovery materials, materials filed with this Court, testimony, or other information derived therefrom, as "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order ("Order").  Either the producing or receiving party may designate as "CONFIDENTIAL" any material or information that such party reasonably believes in good faith is subject to confidential protection under the law, including but not limited to Fed. R. Civ. P. 26(c) or other applicable statutory or common law, including trade secrets; confidential research, development, or other commercial information; other proprietary or sensitive business information; or personal, medical, or personnel information.  Any materials designated in accordance with this paragraph shall hereinafter be referred to as "Confidential Materials."

2. A producing party may designate Confidential Materials by stamping the materials with the legend "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the designating party.  Any confidential material produced on disks or other computer-related media may be designated as Confidential by labeling the media as "CONFIDENTIAL."

3. Confidential Materials shall be maintained in strict confidence by all persons permitted access to such Confidential Materials pursuant to the terms of this Order.  However, the mere fact that any document or information is designated as "CONFIDENTIAL" pursuant to this Order shall

not signify that any such document or information is in fact confidential or be construed as an admission that such document or information is confidential.

4.  Deposition transcripts, or portions thereof, may be designated as "CONFIDENTIAL" by (a) making a statement to that effect on the record at the deposition, or (b) counsel's written designation of certain pages of the transcript as "CONFIDENTIAL" within fourteen (14) days of the receipt of the transcript by attorneys for all parties.

5.  Confidential Materials marked as "CONFIDENTIAL" shall not be used for any purpose except in connection with this litigation, and shall not be delivered or disclosed, in whole or in part, to any person except:

   a.  the Court and its officers (including court reporters);

   b.  counsel of record for the parties and their staff, as well as employees of third party vendors engaged to provide litigation support services;

   c.  the parties, and any current employees of the parties who are involved in the prosecution, defense, and/or appeal of this action;

   d.  the parties' independent experts retained in connection with this action; and

   e.  non-party deposition and trial witnesses.

6.  Before disclosure of Confidential Materials is made to any person (other than persons described in subsections (a), (b), and (c) of paragraph 5), the party seeking to disclose such Confidential Materials shall obtain such person's written agreement, in the form of the Exhibit attached hereto.  In the event that a deposition witness fails or refuses to sign the Exhibit, the party wishing to disclose such Confidential Materials at deposition shall, on the record, inform the witness of the existence of the Stipulated Protective Order, and instruct the witness not to disclose any information contained in the Confidential Materials to anyone other than for purposes of the litigation.  No disclosure shall be made to any such person unless such person

first complies with this paragraph.  The party disclosing Confidential Materials to such persons shall retain a copy of all such statements signed by any such persons to whom disclosure is made, and shall provide a copy of any such statement to the other parties upon request.

7.  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.  In the event that the filing must be made public, the Confidential material must be redacted before filing.

8.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Materials introduced in evidence at trial, even if such material has previously been sealed or designated as CONFIDENTIAL.  The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Materials submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.  Within forty-five (45) days after the final disposition of this action, including all appeals, all Confidential Materials shall either be returned to the party that produced them at that party's expense or be destroyed; *provided however*, that counsel and the parties may retain copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials.  Upon request of the producing party, and not more than sixty (60) days after final disposition of this action, including appeals, counsel who received the Confidential Materials shall deliver a written certification certifying

compliance with the terms of this Order to counsel for the party that produced the Confidential Materials.

10. If, through inadvertence, a producing party discloses any document or information that it believes should have been designated as "CONFIDENTIAL" it may subsequently, within a reasonable period after the discovery of such inadvertence, designate such document or information as "CONFIDENTIAL."  After such designation is made, all receiving parties shall treat the Confidential Materials accordingly.  If any Confidential Materials have been disclosed by the receiving party prior to the designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the Confidential Materials returned.

11. Any party may object to the designation of any document or information as "CONFIDENTIAL" pursuant to this Order, and in any motion regarding such designation, the designating party shall have the burden of establishing that the designation is appropriate. Counsel for the parties shall meet and confer in an attempt to resolve any disputes about the designation or treatment of any document or information before presenting such disputes to the Court.  If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rules of Civil Procedure and California Law.  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims

of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. Disclosure of "CONFIDENTIAL-ATTORNEY EYES ONLY" Information or Items. Confidential Materials that are designated "Confidential-Attorney Eyes Only" may be disclosed only to persons described in subsections (a), (b), and (d) of paragraph 5  and only to the extent such persons have a legitimate need to know the contents of Confidential Materials disclosed to them.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulated Protective Order.

14. Each person or entity that produces or receives discovery materials hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

///

///

///

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:                                    **YUKEVICH CAVANAUGH**


                                    By: _____/s/_____

                                         James J. Yukevich
                                         Steven S. Vahidi
                                         Attorneys for Defendants CRANE CO.
                                         and ELDEC CORPORATION


Dated:                                    **GASTON & GASTON, APLC**


                                    By:_____/s/_____
                                         Matthew J. Faust
                                         Melissa N. Engle
                                         Attorneys for Plaintiff
                                         TRITON ENGINEERING



        **IT IS SO ORDERED:**

Dated:  August 1, 2013              */s/John E. McDermott*_____
                                         UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | | |
|---|---|---|
| TRITON ENGINEERING, | ) | Case No. SACV 12-01617 CJC (JEMx) |
| | ) | |
| Plaintiff, | ) | AGREEMENT TO BE BOUND BY |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| CRANE CO.; ELDEC CORPORATION, dba | ) | |
| CRANE AEROSPACE & ELECTRONICS | ) | |
| and DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

12

13

14

15

16

17

18

19

20

I, _____, being duly sworn, state that:

21

1.     My address is _____.

22

2.     My present employer is _____ and the address of my

23

present employment is _____.

24

3.     My present occupation or job description is _____.

25

26

I acknowledge that I have read and understand the Stipulated Protective Order entered in this case

27

styled  TRITON  ENGINEERING  v.  CRANE  CO.;  ELDEC  CORPORATION,  dba  CRANE

28

AEROSPACE & ELECTRONICS, Case No. SACV 12-01617 and I will comply with all provisions

of the Stipulated Protective Order.  I agree that I will not disclose such Confidential Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Materials  to the party or attorney from whom I received it or provide in writing that said information has been destroyed.  By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

    Dated:                           _____
                                             (Signature)